RECEIVED AND FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO 2003 NOV 21 PM 4: 53

CL... ...
J.S. D... ...COURT
SAN ... P.R.

YSIEM CORPORATION

Plaintiff

v.

COMMERCIAL NET LEASE REALTY, INC.

Defendant

CIVIL NO. 98-2387 (JAG)

Taxation of Costs

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is defendant Commercial Net Lease Realty, Inc.'s (hereinafter referred to as "CNLR") unopposed Memorandum of Taxable Costs Pursuant to Fed. R. Civ. P. 54(D) (Docket No. 62).

On March 28, 2002, a judgment was entered dismissing with prejudice the complaint filed in this case (Docket No. 61). As prevailing party, CNLR now seeks recovery of the following items of costs: (1) deposition expenses - $538.20; and (2) photocopies - $70.10.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

Civil No. 98-2387 (JAG)                                                                 Page -2-

      (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Deposition Costs.** CNLR seeks to recover $538.20 for the expenses related to the depositions of Joseph A. Mannino ($279.20) and John Michael Davis ($259.00). "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp.

147, 151 (D.R.I. 1996).

The record shows that both depositions were submitted to the Court with CNLR's successful motion for summary judgment, therefore, the recovery of $538.20 is hereby allowed.

**Fees for Exemplification and Copies.** CNLR seeks recovery of $70.10 for photocopies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

CNLR alleges that a total of 701 copies were either submitted to the Court or notified to the parties. The Clerk of the Court finds that the total claimed by CNLR is reasonable, consistent with the nature of the case, as well as the number of documents filed and served. Therefore, the recovery of $70.10 (701 x 10¢) for photocopying expenses is allowed.

Civil No. 98-2387 (JAG)                                                                 Page -4-

WHEREFORE, a total amount of $608.30 is taxed as costs to CNLR in the above-captioned case. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days from receipt of this notification.

In San Juan, Puerto Rico, this ___ day of November, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk